ORA JOHN BRADSHAW v. ÆTNA LIFE INSURANCE. COMPANY.

(Filed 1 May, 1935.)

1. **Insurance R c: Trial E g—Charge on issue of total and permanent disability held without error when construed as a whole.**

In this action on a disability clause in a policy of life insurance the court used the phrase "unable to earn a living himself" in its charge on the issue of total and permanent disability, to which defendant insurer objected for that the court failed to charge that such inability must be the result of bodily injury or disease in order for plaintiff to recover. In concluding the charge upon the issue the court instructed that the burden was on plaintiff to show that he had been permanently and totally disabled and thereby prevented from performing work or conducting any business for compensation or profit. *Held:* The charge, when construed as a whole, is without error, the closing portion of the charge being correct and not in conflict with the portion objected to, but being in explanation thereof.

2. **Trial E f—**

Objection to the court's statement of the contentions of the parties must be made in apt time to afford opportunity for correction in order to be considered on appeal.

3. **Insurance R c: Trial E g—Appellant held not prejudiced by language of charge objected to.**

In this action on a disability clause in a policy of life insurance insurer's objection to the charge for that the court used the phrase "disability has continued for a period of ninety days" instead of the language of the policy, "for a period of ninety consecutive days," *is held* untenable, since "period of" connotes consecutiveness, and since the issue between the parties was the totality of the disability and not its permanency.

4. **Insurance R c—**

The testimony of insured in his own behalf is sufficient to take the case to the jury on the question of the totality of insured's disability, the permanence of insured's disability being admitted, although there is testimony *contra*.

5. **Same—**

Conflicting evidence as to totality or permanence of insured's disability within the meaning of a disability clause in a policy of life insurance raises an issue for the determination of the jury.

Appeal by the defendant from *Grady, J.,* at September Term, 1934, of Sampson. Affirmed.

This is a civil action to recover disability benefits on five policies of insurance issued to the plaintiff by the defendant on 21 October, 1925, all of which policies contained, *inter alia,* the following provisions:

"If, before default in payment of premium, the insured becomes totally and permanently disabled by bodily injuries or disease, and is thereby prevented from performing any work or conducting any business for compensation or profit, the following benefits will be available: When such disability occurs before age sixty a waiver of the payment of premiums falling due during such disability, and an income of ten dollars a month for each one thousand dollars of the sum insured payable to the life owner each month in advance during such disability.

"If before attaining the age of sixty years the insured becomes totally disabled by bodily injuries or disease and is thereby prevented from performing any work or conducting any business for compensation or profit for a period of ninety consecutive days, then, if satisfactory evidence has not been previously furnished that such disability is permanent, such disability shall be presumed to be permanent. In such a case, benefits shall accrue from the expiration of the said ninety days, but not from a date more than six months prior to the date that evidence of such disability satisfactory to the company is received at its home office. No benefit shall accrue prior to the expiration of said ninety days unless during that period evidence satisfactory to the company is received at its home office while the insured is living that the total disability will be permanent, in which event benefits will accrue from the commencement of disability."

The defendant admits that all the premiums have been paid on said policies, and that the same were in full force and effect at the time of the institution of this action.

The issues submitted and answers made thereto were as follows:

"1. Did the plaintiff Ora J. Bradshaw, on 30 November, 1931, become totally and permanently disabled, caused by bodily injury, so that he was prevented thereby from performing any work or conducting any business for compensation or profit, as alleged in the complaint? Answer: 'Yes.'

"2. If so, did such total disability continue for a period of ninety days? Answer: 'Yes.'

"3. If so, what benefits in money is plaintiff entitled to recover of the defendant under the terms of the five life insurance policies referred to in the complaint? Answer: 'Fifty dollars, beginning 1 December, 1931, up to and including 1 August, 1933, with interest on each month from date due.' (Answered by the court by consent.)

"4. What amount in premiums, if any, is plaintiff entitled to recover, paid to defendant since 30 November, 1931? Answer: '$195.85, with interest from 18 November, 1932.' (Answered by the court by consent.)"

From judgment for the plaintiff in accord with the verdict, the defendant appealed to the Supreme Court, assigning errors.

*Kenneth C. Royall and Robert A. Hovis for appellant.*
*R. D. Johnson and A. McL. Graham for appellee.*

SCHENCK, J.   The appellant abandoned in his brief the exceptions taken to the admission and exclusion of evidence during the course of the trial.

We have examined those portions of the charge relating to the first issue and assigned as error and are of the opinion that when they are construed contextually with the charge as a whole that they are free from reversible error.

The appellant assails in his brief the use by the court of the phrase "unable to earn a living himself" as being too all-inclusive, and by way of argument says that one may be unable to earn a living for many reasons not in contemplation of the parties at the time the contract of insurance was entered into, such, for instance, as the depression, drought, and other unavoidable calamities.   Such inability to earn a living would, however, not be due to "bodily injury or disease," and the charge nowhere disassociates the inability "to earn a living himself" from "bodily injury or disease."   There is not sufficient difference to constitute prejudicial error between being "prevented from performing any work or conducting any business for compensation or profit" and being "unable to earn a living himself," when the disability in both instances is due to "bodily injury or disease."

His Honor, after giving a number of illustrations and reading excerpts from some of the opinions of this Court, closed his charge upon the first issue as follows: "But, in conclusion, upon this first issue, I will again say to you that the burden is upon Mr. Bradshaw, and by that I mean to say that in order for you to answer this issue 'Yes,' in his favor, he must offer evidence which satisfies you by its greater weight that since 30 November, 1931, he has not only been permanently disabled, but that he has been totally disabled, so that he has been thereby prevented from performing work for compensation or profit, or conducting any business for compensation or profit.   And if he has done so, remembering the rule which I have laid down as to what constitutes permanent and total disability, it would be your duty to answer the first issue 'Yes.'   If he has failed to do so, it would be your duty to answer it 'No.' "   This closing clause of the charge is a clear and correct statement of the law, and is not in conflict with what his Honor formerly charged the jury, but is rather an explanation and resume of what he had told them.

Many of these assignments of error to portions of the charge, which it is urged are in conflict with other portions thereof, are to statements of contentions, and the court was not given the opportunity to correct such

statements by having its attention called thereto at the time they were made, as required by our practice. *Hood, Comr. of Banks, v. Cobb,* 207 N. C., 128; *Kennedy v. Telegraph Co.,* 201 N. C., 756.

The assignment as error that the court charged the jury upon the second issue that if they were satisfied by the greater weight of the evidence "that his (plaintiff's) disability has continued for a period of ninety days after 30 November, 1931, it would be your duty to answer the second issue 'Yes,'" instead of using the words of the policy "for a period of ninety consecutive days," is untenable, since the words "period of" connote consecutiveness; and this would be so for the further reason that the permanency of the plaintiff's disability is admitted by the defendant, and no question is raised throughout the record as to its duration. The extent of the disability, whether total or not, and not the length of time of its existence, was the question involved.

The defendant's principal assignments of error are based upon its motions for judgment as of nonsuit and requests for peremptory instructions upon the first and second issues. The rulings of the court upon these motions and requests raise the simple question as to whether there was sufficient evidence to be submitted to the jury upon the first and second issues. In the recent case of *Guy v. Insurance Co.,* 206 N. C., 118, wherein this Court was called upon to interpret a clause substantially the same as is involved in the instant case, it is said: "The evidence adduced on the plaintiff's examination in chief, and the testimony of his other witnesses, was sufficient to carry the case to the jury on the issue of plaintiff's alleged total and permanent disability within the meaning of the policy in suit." That statement is applicable here since, while there was considerable evidence to the contrary, the testimony of the plaintiff in his own behalf was sufficient to take the case to the jury, and in addition to this was the testimony of members of his family and of one physician at least tending to show the totality of plaintiff's disability, the permanence of which was admitted.

The class of policies to which those in suit belong are designed to provide a substitute for earning when the insured is deprived of capacity to earn by bodily injury or disease, and when the vital issue as to whether the insured has been so deprived of such capacity is raised the answer can be ascertained only by the "ancient mode of trial by jury." This case presents little more than an issue of fact upon sharply conflicting evidence, and this issue has been found in favor of the plaintiff under a fair and impartial charge, free from reversible error. Both in theory and in principle the cases of *Guy v. Ins. Co., supra,* and *Gennett v. Ins. Co.,* 207 N. C., 640, and cases therein cited, are apposite to the instant case.

The judgment is

Affirmed.