WILLIAM J. DURGIN *vs.* DIRECTOR OF CIVIL SERVICE
(and two companion cases[1]).

Essex.     October 7, 1942. — October 28, 1942.

Present: FIELD, C.J., LUMMUS, QUA, & COX, JJ.

*Civil Service. Words,* "Temporary."

By reason of G. L. (Ter. Ed.) c. 31, § 15A, inserted by St. 1933, c. 267, and amended by St. 1934, c. 105, one, who for several years had been employed as an instructor on a city playground each summer under civil service certification for his original appointment but without further certification for his later appointments, and who during that

---

[1] The companion cases were brought by Nicholas A. Young and William R. Higgins, respectively, against the same respondent.

period had also been a teacher in the city's public schools each school year at a substantial salary, should not be certified for further summer employment; and without such certification he was not entitled to such summer employment notwithstanding the provisions of Civil Service Rule 24, paragraph 2.

THREE PETITIONS, filed in the Supreme Judicial Court for the county of Essex on August 14, 1940.

The cases were heard upon the pleadings and an agreed statement of facts by *Ronan*, J., who ordered the petitions dismissed. The petitioners alleged exceptions.

*M. A. Cregg*, for the petitioners.

*R. T. Bushnell*, Attorney General, & *R. Clapp*, Assistant Attorney General, for the respondent, submitted a brief.

QUA, J. These three petitions are brought under G. L. (Ter. Ed.) c. 31, § 39, as amended, to compel the director of civil service to authorize the employment of the petitioners respectively as swimming pool instructor and playground instructors (also "supervisor" in the third case) in the "playground department" of the city of Lawrence during summer seasons while recreational activities are in operation, and to restrain the director from taking steps to prevent such employment. We assume, without deciding, that these petitions fall within the terms of § 39.

Each petitioner was originally appointed after passing a civil service examination and after certification. Each held a rating denominated as "permanent recurrent." After his original appointment each was "continuously" employed for a series of years during the period of several weeks each summer when there was work to be done, whenever an appropriation was available. During the more recent years at least, the reëmployment of each seems to have been "authorized" each summer, but it does not appear from the pleadings or the agreed facts on which the cases were tried that any of the petitioners has been certified at any time after his original certification. In addition to his employment in the "playground department" just described each petitioner has been since 1924 "continuously employed during the school year of forty weeks" as a teacher in the schools of the city "at a salary of $2200 a

year." General Laws (Ter. Ed.) c. 31, § 15A, first enacted as St. 1933, c. 267, and subsequently amended by St. 1934, c. 105, provides that "No person in the employ of the commonwealth or of any county, city or town, other than one employed on an intermittent or part-time basis or at a nominal salary, shall be certified for temporary employment under this chapter." Paragraph 2 of Rule 24 of the civil service rules, which was treated by the single justice and is treated by all parties as if it had become part of the record, reads as follows: "2. A person certified for temporary employment to boards of assessors, or other departments in which temporary employment is regularly recurrent at stated periods, may within one year from the cessation of such employment or within the next calendar year be again employed in such position. And if upon such recurrent service a person shall have been employed a total period of twelve months his employment may be made permanent." In the summer of 1940, when the time came for resumption of the petitioners' employment, the respondent notified the petitioners and the officer of the city who had jurisdiction to employ and discharge them that the petitioners could no longer be employed, and because of this notice they were not employed. The respondent took the position then and takes the position now that it would be contrary to the intent of c. 31, § 15A, to permit the petitioners, who are regularly employed by the city as teachers, to have additional civil service employment of a temporary nature.

No contention has been made, and we think none could be made successfully, that the petitioners' employment as teachers at a yearly salary is "on an intermittent or part-time basis" within the meaning of those words in § 15A, even though the school year lasts but forty weeks. Regular employment at a yearly salary of $2,200 in the responsible position of teacher during the entire school year can hardly have been the kind of intermittent or part time service which it was intended should exempt a person from the operation of the section. And the petitioners' salaries are more than "nominal." It follows that the employment of

the petitioners as teachers brings them within the sweep of the section.

But § 15A does not in terms forbid the temporary employment of persons already enjoying permanent employment. It merely forbids their certification for temporary employment. If, therefore, the petitioners' recurrent summer employment in the "playground department" comes within the second paragraph of Rule 24, and if that paragraph is valid as to them and has the effect of making it unnecessary that they be certified each year, it follows that if once lawfully certified they can be reëmployed annually thereafter notwithstanding § 15A. The question decisive of the merits of these cases is the question whether the second paragraph of Rule 24 has the effect of taking the petitioners out of the operation of § 15A. We incline to the view that the rule does not have that effect.

The legislative purpose must, of course, control over any civil service rule in the event of conflict between the two. Section 15A was first enacted in 1933 at approximately the lowest point in the recent depression. Obviously its purpose, like that of many measures adopted at about the same time, was to spread employment and to relieve distress. This was to be accomplished by reserving temporary work for those who did not have permanent work, and since normally under the civil service system certification is a condition precedent to employment (c. 31, § 15, as amended), certification was selected as a readily available point of control, especially as the necessary records would be in the hands of the civil service commission. See c. 31, § 2A (f), as inserted by St. 1939, c. 238, § 11. In order to effectuate the purpose of § 15A the word "temporary" in the expression "temporary employment" must be given a reasonably broad construction. Employment must be deemed "temporary" which is in fact temporary according to the accepted meaning of the word temporary. Nothing in the wording of the statute or in the circumstances known to exist at the time of its enactment suggests that the interpretation of this word should be constricted or bent to accommodate it to any civil service rule then existing or

thereafter adopted. The employment of the petitioners in the "playground department," although recurrent, was nevertheless temporary in the sense of that word as used in the statute. If the second paragraph of Rule 24, either by calling temporary employment "permanent" or by attributing to temporary employment the characteristics of permanent employment in respect to certification, can do away with the necessity for certification as a preliminary to each renewed employment, the objects of the statute will to that extent be defeated. It would hardly be contended that upon the passage of the statute the civil service commissioners could immediately have rendered it ineffective by establishing rules that would do away with certification in large classes of cases to which the statute would otherwise apply. Yet that would seem to be the practical effect in cases of recurrent employment of interpreting the second paragraph of Rule 24 in the only way in which it can benefit the petitioners.

We can appreciate that where the same type of work becomes available at regularly recurring intervals there may be convenience and justice in requiring only one original certification and in thereafter permitting reëmployment of the same person as the intervals recur without repeated certification, thus turning what is really "temporary employment" into what, for lack of a better name, may well enough be called "permanent recurrent" employment, but we are constrained to hold that this cannot be done where it has the indirect result of thwarting the manifest policy embodied in a statute. The rule must yield to the statute and not the statute to the rule. If the second paragraph of Rule 24 is to be construed as doing away with certification for each recurring temporary employment, we must hold that it is no longer valid to accomplish that result as applied to a person who has full time employment in any county, city, or town at more than a nominal salary.

We have carefully refrained from deciding whether this paragraph of Rule 24 should be construed as doing away with the necessity of certification upon each renewed employment. We have taken this course because no other

civil service rules which may bear upon the matter have been brought before us, and because these cases do not demand a definitive construction of Rule 24, since this rule cannot help the petitioners unless it be construed as doing away with the requirement of certification for each reëmployment.

It is unnecessary to deal with the petitioners' requests for rulings in detail. No way has been demonstrated to us, nor can we think of any, by which, apart from Rule 24, the petitioners can have become entitled to be certified for temporary employment while holding other permanent employment, nor has any way been pointed out by which they can as of right become qualified to receive temporary employment without being certified. It follows that they cannot prevail.

*Exceptions overruled.*