**IOWA ASSOCIATION OF SCHOOL BOARDS and Iowa State Education Association, Appellants,**

v.

**IOWA PUBLIC EMPLOYMENT RELATIONS BOARD, Appellee.**

No. 86–241.

Supreme Court of Iowa.

Feb. 18, 1987.

Edgar H. Bittle and Donna L. Hylarides of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, Des Moines, for appellant Iowa Ass'n of School Boards.

Charles E. Gribble of Sayre & Gribble, P.C., Des Moines, for appellant Iowa State Educ. Ass'n.

Thomas J. Miller, Atty. Gen., and Amy J. Mills and James H. Gilliam, Public Employment Relations Bd., Des Moines, for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ and WOLLE, JJ.

McGIVERIN, Justice.

Petitioners Iowa Association of School Boards (IASB) and Iowa State Education Association (ISEA) separately appeal from the district court's judicial review decision affirming a Public Employment Relations Board (PERB) declaratory ruling relating to coverage of substitute teachers under the Public Employment Relations Act, Iowa Code chapter 20. Specifically at issue here is the interpretation of Iowa Code section 20.4(5) concerning temporary public employees and its application to substitute teachers.

The decision and ruling held that a substitute teacher was a public employee covered under the Act if some service was rendered by the teacher in more than four consecutive months during the school year. Upon consideration of the issues raised on appeal, we affirm the decisions of the district court and PERB.

I. *Background facts and procedures.* On March 20, 1984, ISEA filed a petition for declaratory ruling with PERB. *See* Iowa Code § 17A.9 (1983); 621 Iowa Admin. Code 10.1–.2.[1] The petition set forth the following hypothetical facts:

   a.  That the school district maintains a list of 40 substitute teachers.

   b.  That the substitute teachers hold teaching certificates, have stated that they are available for substitute teaching, have requested and have subsequently been placed on the substitute teaching list by the District.

   c.  That the school year consists of 180 days and school is in session commencing in August and running through the first part of June.

1. In reorganization of the Iowa Administrative Code, PERB rules were moved from part 660 of the administrative code to part 621. For ease in reference, we will refer to part 621.

Based on these facts, ISEA asked PERB to answer whether the following situations would trigger coverage under the provisions of the Public Employment Relations Act, pursuant to Iowa Code sections 20.3(3) and 20.4(5). The questions were whether:

a. Substitute teachers performing teaching services for the District at least one day per month in at least five different months in the school year (August through June) are excluded from the provisions of the Public Employment Relations Act by virtue of section 20.4(5), Code of Iowa (1983).

b. A substitute teacher performing substitute teaching services for the District at least one day a month during the school year (August through June) for five consecutive months is excluded from the provisions of the Public Employment Relations Act under section 20.4(5), Code of Iowa (1983).

c. A substitute teacher, substituting 90 days, working at least one day during a minimum of five months of the school year (August to June) is excluded from the provisions of the Public Employment Relations Act, pursuant to section 20.4(5), Code of Iowa (1983).

d. A substitute teacher, substituting 90 days, and substituting at least one day per month in a minimum of five consecutive months during the school year (August to June) is excluded from the provisions of the Public Employment Relations Act, pursuant to section 20.-4(5), Code of Iowa (1983).

e. A substitute teacher, substituting 63 days, at least one day in each of a minimum of five months during the school year (August to June) is excluded from the provisions of the Public

Employment Relations Act, pursuant to section 20.4(5), Code of Iowa (1983).

IASB filed a petition to intervene. *See* 621 Iowa Admin.Code 2.4, 10.6. Intervention was granted. IASB's request to add additional facts was denied by PERB because the requested facts were actually conclusory statements.

PERB issued its declaratory ruling, holding that substitute teachers are public employees and are not excluded from the Act if the substitute performs any service during each of more than four consecutive months during the school year.[2]

IASB then filed a petition for judicial review in district court of the PERB ruling. *See* Iowa Code § 17A.19. By its petition, IASB challenged PERB's conclusion that *any* service in more than four consecutive months was sufficient for coverage under the Act, seeking to severely restrict the class of substitute teachers entitled to coverage under the Act. Thus, IASB disagreed with PERB's answers to questions (b) and (d).

ISEA also filed a separate petition for judicial review. *See* Iowa Code § 17A.19. ISEA claimed that PERB erred in concluding that service must be rendered in more than four *consecutive* months as opposed to any four months during the school year to avoid exclusion under the Act. Therefore, ISEA challenged PERB's answers to questions (a), (c) and (e).

PERB answered the petitions and requested that the actions be consolidated. *See* Iowa R.Civ.P. 185. The district court granted the motion for consolidation.

After submission, the court stated that the agency ruling on the meaning of a statute the agency administers should be

2. PERB answered the specific questions posed by ISEA in the following manner:

*Question A.* On the assumption that the "different months" are not consecutive, substitute teachers in this category would be excluded from coverage of the Act.

*Question B.* A substitute teacher in this category would be covered by the Act.

*Question C.* Since this question does not designate whether the months are consecutive, we assume that they are not consecutive.

Substitute teachers in this category would be excluded from coverage of the Act.

*Question D.* Substitute teachers in this category are included within the meaning of the Act.

*Question E.* Since this question does not designate whether the months are consecutive, we assume they are not consecutive. Substitute teachers in this category would be excluded from coverage of the Act.

affirmed unless the interpretation is unreasonable or the agency exceeds its authority. The court determined PERB was correct in its rulings; therefore, the court entered its decision dismissing the judicial review petitions and affirming PERB's ruling.

IASB and ISEA separately appeal from the district court's judicial review decision. Petitioner IASB asserts: (1) that continuous employment within a month is required for purposes of determining whether a substitute teacher has been employed for four months; and (2) that a reasonable expectation of continued employment test should be adopted and that, under such a test, substitute teachers are subject to a blanket exclusion from coverage under the Act unless they have been continuously employed for more than four months.

Petitioner ISEA asserts: (1) that service in more than four months, as opposed to four consecutive months, makes a substitute teacher eligible for coverage under the Act; (2) that any service, rather than continuous full-time service, rendered in more than four months is to be determinative of whether a substitute teacher is eligible for coverage under the Act; and (3) that a reasonable expectation of the substitute teacher's continued employment need not exist to avoid exclusion from the Act's coverage under Iowa Code section 20.4(5).

II. *Are substitute teachers covered under the Public Employment Relations Act?* The ultimate question underlying this declaratory judgment proceeding concerns the meaning of Iowa Code section 20.4(5). "Public employees" are given numerous rights under the Act, including those of organizing and bargaining collectively. Iowa Code § 20.8. "Public employee" is defined as "any individual employed by a public employer, except individuals exempted under the provisions of section 20.4." Iowa Code § 20.3(3). The provision of section 20.4 relevant to this case states, "The following public employees shall be excluded from the provisions of this chapter: ... 5. Temporary public employees

employed for a period of four months or less." *Id.* § 20.4(5).

A. *For a period of four months or less.* ISEA challenges PERB's conclusion that a substitute teacher must render service in consecutive months to become eligible for coverage under the Act. ISEA argues that the legislature could have included the word "consecutive" between the words "four months" to statutorily require service in consecutive months; however, in the absence of the word "consecutive," ISEA claims the statute must be construed to mean service in *any* four months.

PERB concluded that the legislature intended a consecutive month standard. PERB based its conclusion on the fact the legislature did not designate the total time frame during which the four months of service could be rendered and it would be absurd to interpret the statute to allow a temporary employee rendering one month's service per year for five consecutive years to be covered by the Act. *Cf. Metier v. Cooper Transport Co.*, 378 N.W.2d 907, 913 (Iowa 1985) (court should presume legislature intended a reasonable result and in construing a statute should avoid an absurd result).

■ Although we give weight to the interpretation by PERB, we are not bound by the board's interpretation of Iowa Code chapter 20, and we must make an independent determination of the meaning of the statute in question. *See Charles City Community School District v. Public Employment Relations Board*, 275 N.W.2d 766, 769 (Iowa 1979). The construction we ultimately give to the words of the statute should be fair and sensible in light of the intent of the legislature. *West Des Moines Education Association v. Public Employment Relations Board*, 266 N.W.2d 118, 125 (Iowa 1978).

■ We look to the specific words of the statute when we attempt to construe a provision and we give each word effect. *See* 2A N. Singer, *Sutherland Statutory Construction* § 46.06, at 104 (Sands 4th

ed. 1984); *Maguire v. Fulton*, 179 N.W.2d 508, 510 (Iowa 1970). Section 20.4(5) deals with employment "for *a period of* four months or less." (Emphasis added.) The legislature could have deleted the words "a period of" and intended the result urged by ISEA. "A period of" is included in the statutory language, however, and must be given meaning.

Three courts have looked at the meaning of the words "period of" when the words precede terms of time. In *Bradshaw v. Aetna Life Insurance Co.*, 208 N.C. 214, 179 S.E. 665 (1935), a jury was asked to apply the terms of an insurance policy to the facts of the case. In instructing the jury, the trial court stated the policy language as "for a period of ninety days," when, in fact, the language was "for a period of ninety consecutive days." *Id.* at 217, 179 S.E. at 667. The appellate court found the trial court did not err in omitting the word "consecutive" because the words "period of" connote consecutiveness. *Id.*

The case of *In re R.H.N.*, 710 P.2d 482 (Colo.1985), gave the Colorado Supreme Court an opportunity to construe the "period of one year" language in that state's adoption law. The court concluded that the phrase meant the *consecutive* twelve-month period immediately preceding the filing of the adoption petition because that was the statute's plain ordinary meaning. *Id.* at 487.

In *VanDresser v. Firlings*, 305 Mass. 51, 52, 24 N.E.2d 969, 969 (1940), the court was construing a statutory time frame for registration of automobile liability insurance. The statute applied to vehicles "operated beyond a period of thirty days" on the state's roadways. The court in holding the time contemplated by the statute was thirty consecutive days stated:

> The word "period" as applied to time carries with it the idea of the separation of a designated interval of time from the flow of time in general. The words "a period" do not readily expand to include an irregular succession of times or peri-ods of varying length, even though all are included within a calendar year.

*Id.* at 54, 24 N.E.2d at 970.

■ In light of the authorities cited, we conclude the agency's interpretation of the statute, requiring a substitute teacher to render service in more than four consecutive months, is reasonable. We give deference to the agency's decision when it is reasonable and not clearly erroneous. *Miller v. Civil Constructors*, 373 N.W.2d 115, 117 (Iowa 1985). Therefore, we affirm the ruling of PERB and the decision of the district court requiring that a temporary employee be employed in more than four consecutive months to be eligible for coverage under Iowa Code chapter 20.

■ B. *Temporary public employees.* IASB challenges PERB's conclusion that *any* employment within consecutive months is sufficient to be included in the statutory four-month standard. IASB's position is that service must occur on a specific number of days each month and there must be a reasonable expectation of continued employment.

PERB, in ruling in this case, noted the legislature's failure to distinguish between full-time and part-time employment. The Board ruled that in the absence of such distinction *any* service in a month for more than four consecutive months was sufficient to make a substitute teacher a temporary employee eligible for coverage under the Act.

The question to be answered is what level of service must be rendered by a temporary employee to receive coverage under the Act. This basically becomes a question of what the term "temporary" means in conjunction with the requirement of four consecutive months of employment.

Roberts Dictionary of Industrial Relations (rev. ed. 1971) defines "temporary employee" as:

> A worker hired for a limited time only, frequently to meet a peak demand or a special rush job. Such an employee is hired with the understanding that his employment will end with completion of the particular task for which he was hired.

*See Ellwein v. United States,* 577 F.Supp. 1368, 1375 (D.N.D.1983), *modified,* 778 F.2d 506 (8th Cir.1985) (temporary employment is for a short period of time or a fixed duration). Temporary employment is not regular, but rather is periodic and may be recurring, as is the need for substitute teachers. *See Durgin v. Director of Civil Service,* 312 Mass. 310, 313, 44 N.E.2d 781, 783 (1942) (construe the word "temporary" according to its ordinary usage).

Under the Iowa Public Employment Relations Act, Iowa Code chapter 20, permanent part-time employees are entitled to the benefits of the Act unless specifically excluded in section 20.4. To require a temporary employee to work full-time for more than four consecutive months, or else be excluded from chapter 20 coverage, is inconsistent with the intent of the legislature. The legislature did not indicate whether the work of a temporary employee must be full- or part-time. The statute included a four-month service requirement rather than a minimum number of days or hours service requirement for eligibility under chapter 20. *Contra* Minn.Stat. § 179.-63, subd. 7(f) (1982) (employee eligible for coverage under that state's statute after 100 days of service in any calendar year).

The Iowa Public Employment Relations Act is written in broad language so as to allow a large number of public employees to be eligible for coverage under the Act. *See* Iowa Code §§ 20.1, 20.3(3). We will read the exclusions under section 20.4 narrowly to promote the Act's broad application. *See City of Des Moines v. Public Employment Relations Board,* 264 N.W.2d 324 (Iowa 1978) (construing Iowa Code § 20.4(2)); *City of Davenport v. Public Employment Relations Board,* 264 N.W.2d 307 (Iowa 1978) (same).

Under the current language of Iowa Code section 20.4(5), we conclude that PERB has given a reasonable construction to the provision in stating that *any* service in a month rendered in more than four consecutive months triggers the Act's provisions for a temporary public employee.

Therefore, we affirm the decisions of the district court and PERB.

AFFIRMED.